# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **LMCHH PCP, LLC**[1] | **Case No. 17-10353** |
| **Debtors.** | **(Jointly Administered)** |
| | **SECTION B** |
| **LMCHH PCP, LLC** *et al*, **PLAN ADMINISTRATOR**[2] | **Adversary No.** |
| **Plaintiff** | |
| **vs.** | |
| **ARAMARK HEALTHCARE TECHNOLOGIES, LLC F/K/A ARAMARK CLINICAL TECHNOLOGY SERVICES, LLC** | |
| **Defendant** | |

### COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS

NOW INTO COURT COMES the Plan Administrator for LMCHH PCP, LLC and Louisiana Medical Center and Heart Hospital, LLC (collectively, the "Debtors") (the "Plan Administrator" or "Plaintiff")[3], who hereby submits this complaint (the "Complaint") to avoid and recover certain transfers made by the Debtors to or for the benefit of Aramark Healthcare Technologies, LLC f/k/a Aramark Clinical Technology Services, LLC (the "Defendant"), on

---

[1] The Debtors in these cases are LMCHH PCP, LLC (Bankr. Case No. 17-10353 -JAB) and Louisiana Medical Center and Heart Hospital, LLC (Case No. 17-10354 -JAB)). The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) LMCHH PCP LLC (8569); and (ii) Louisiana Medical Center and Heart Hospital, LLC (7298). The mailing address for the Debtors is 64030 Highway 434, Lacombe, LA 70445.

[2] In accordance with Section 5.6 of the Amended Joint Plan of Liquidation by LMCHH PCP LLC, Louisiana Medical Center and Heart Hospital, LLC and the Official Committee of Unsecured Creditors, as of August 1, 2017 (the "Amended Joint Plan") [ECF No. 470], Clifford A. Zucker of FTI has been designated as the Plan Administrator.

[3] Capitalized terms not defined herein shall have the same meaning as defined in the Amended Plan of Liquidation [Dkt. No. 290.]

{00366536-1}  1

knowledge as to themselves and as to all other matters on information and belief, respectfully alleges:

## NATURE OF THE ACTION

1. Plaintiff seeks a money judgment relating to certain avoidable transfers identified on Exhibit A attached hereto that were made by Debtors to Defendant during the ninety (90) day period preceding the commencement of the Debtors' bankruptcy cases (each transfer, an "Avoidable Transfer", and, collectively, the "Avoidable Transfers"), in the aggregate amount of $39,045.00, which amount accounts for any subsequent new value provided by the Defendant following each Avoidable Transfer.

2. Plaintiff seeks entry of a judgment against Defendant: (i) avoiding pursuant to 11 U.S.C. (the "Bankruptcy Code") § 547(b), preferential transfers to or for the benefit of the Defendant, or, in the alternative, subject to proof; (ii) pursuant to Bankruptcy Code § 550(a), directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the amount of the Avoidable Transfers, plus interest and costs; and (iii) pending such payment, disallowing any claim of Defendant against Plaintiff pursuant to Bankruptcy Code § 502(a)-(j) ("Section 502").

3. To the extent that Defendant has filed a proof of claim or has a claim listed on the Plaintiff's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors' estates (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's rights to object to such Claims for any reason including, but not limited to, Bankruptcy Code § 502, and such rights are expressly reserved.

## JURISDICTION AND VENUE

4. This adversary proceeding relates to the Chapter 11 cases of the Debtors, Case No. 17-10353, jointly administered, pending in the United States Bankruptcy Court for the Eastern District of Louisiana (the "Court").

5. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331 and 1334(b).

6. The statutory and legal predicates for the relief sought herein are Bankruptcy Code Sections 502, 547, and 550 and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. This proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. The Post-Effective Date Debtors and the Plan Administrator consent to entry of final orders and judgments by the Court in this adversary proceeding.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1409.

## PROCEDURAL AND FACTUAL BACKGROUND

10. On January 30, 2017, the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code, initiating their own respective above-styled bankruptcy cases.

11. On October 2, 2017, this Court entered the *Order Confirming the Joint Plan Proponents' Amended Joint Plan of Liquidation* [Dkt. No. 566] ("Confirmation Order"), approving the Debtors' *Amended Joint Plan of Liquidation* [Dkt. Nos. 470, 512, 527] ("Plan").

12. Pursuant to the Confirmation Order and the Plan Administrator Agreement attached thereto: (i) Clifford Zucker was appointed as the Plan Administrator; and (ii) the Plan

Administrator was appointed as the sole member, director, and manager of the Post-Effective Date Debtors.

13. Pursuant to the Plan Administrator Agreement, the Debtors transferred to the Plan Administrator all authority, rights, powers, and duties previously vested in the Debtors under Sections 541-45, 547-50, and 553 of the Bankruptcy Code, granting to the Plan Administrator full authority to bring or otherwise pursue all claims and causes of action on behalf of the Debtors, the Post-Effective Date Debtors, and the Estates, that could otherwise be brought by a trustee or an examiner appointed under the Bankruptcy Code.

14. During the ninety (90) days before the Petition Date, that is between November 1, 2016 through and including January 29, 2017 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities, including the Defendant.

15. During the course of their relationship, the Debtors and Defendant entered into agreements, evidenced by invoices, communications and other documents, pursuant to which the Debtors and Defendant conducted business with one another.

16. Plaintiff seeks to avoid all of the transfers of an interest in any of the Plaintiff's property made by the Debtors to the Defendant during the Preference Period.

COUNT I - TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(B)

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

18. During the Preference Period, the Debtors made transfers to, or for the benefit of, Defendant in the amounts set forth on Exhibit A, which is incorporated by reference herein.

19. During the Preference Period, Defendant was a creditor of the Debtors within the meaning of Section 547(b)(1) of the Bankruptcy Code at the time of each Avoidable Transfer by virtue of supplying goods and/or services for which the Debtors were obligated to pay.

20. The Avoidable Transfers were transfers of an interest in the Debtors' property.

21. According to the Debtors' books and records, the Avoidable Transfers were made to, or for the benefit of, the Defendant because each Avoidable Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to Defendant.

22. The Avoidable Transfers were made for or on account of antecedent debts owed by the Debtors.

23. The Avoidable Transfers were made while the Debtors were insolvent. The Plaintiff is entitled to the presumption of insolvency for the Avoidable Transfers made during the Preference Period pursuant to Section 547(f) of the Bankruptcy Code.

24. The Debtors' general unsecured creditors will receive less than full value on account of their allowed claims against the Debtors' estates.

25. The Avoidable Transfers were made on or within ninety (90) days prior to the Petition Date.

26. The Avoidable Transfers enabled Defendant to receive more than it would receive if (a) the Debtors' cases were under Chapter 7 of the Bankruptcy Code, (b) the Avoidable Transfers had not been made, and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

27. By reason of the foregoing, each Avoidable Transfer should be avoided and set aside as a preferential transfer pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT II - TO RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. § 550

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 27 above as if fully set forth herein.

29. Plaintiff is entitled to avoid the Avoidable Transfers pursuant to Section 547(b) of the Bankruptcy Code.

30. Defendant was the initial transferee of the Avoidable Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Avoidable Transfers were made.

31. Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant an amount to be determined at trial that is not less than the total amount of the Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT III - TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31 above as if fully set forth herein.

33. Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code and/or Defendant is a transferee of the Avoidable Transfers recoverable under Section 547 of the Bankruptcy Code.

34. Defendant has not paid to Plaintiff the amount of the Avoidable Transfers, or turned over such property to Plaintiff, for which Defendant is liable under Section 550 of the Bankruptcy Code.

35. Pursuant to Section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the Debtors' estates, must be disallowed until such time as Defendant pays to Plaintiff all amounts sought herein.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment against Defendant:

a) avoiding all Avoidable Transfers pursuant to Section 547(b) of the Bankruptcy Code;

b) pursuant to Section 550(a) of the Bankruptcy Code, directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the full amount of the Avoidable Transfers, plus interest and costs;

c) disallowing any Claim of Defendant pursuant to Section 502(d) of the Bankruptcy Code;

d) awarding pre-judgment interest at the maximum legal rate running from the date of the Plaintiff's first demand to return all Avoidable Transfers to the date of judgment with respect to this Complaint (the "Judgment") herein;

e) awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the Judgment is paid in full, plus costs;

f) requiring Defendant to pay forthwith the amount of the Judgment; and

g) granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Tristan E. Manthey*
William H. Patrick, III (La. Bar No. 10359)
Tristan E. Manthey, (La. Bar No. 24539)
Cherie Dessauer Nobles, (La. Bar No. 30476)
**Heller, Draper, Patrick, Horn & Manthey, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: 504-299-3300 // Fax: 504-299-3399
**Counsel for Plan Administrator for LMCHH PCP, LLC and Louisiana Medical Center and Heart Hospital, LLC**

EXHIBIT A

| Vendor | Date Paid | Clear Date | Check # | Check Amount | Amount Allocated |
|---|---|---|---|---|---|
| ARAMARK CTS | 11/9/2016 | 11/14/2016 | 15138 | $ 36,046.09 | $ 36,046.09 |
|  | 12/7/2016 | 12/14/2016 | 15894 | 36,046.09 | 36,046.09 |
| ARAMARK CTS Total |  |  |  |  | $ 72,092.18 |